McGown, J.
The complaint alleges that between and inclusive of the months of March and December, 1891, the plaintiff paid over to the defendant, and the defendant received and obtained from the plaintiff, the sum of three hundred and thirty-eight dollars and seventy-five cents ($388.75), which the defendant agreed to devote to, and to use in, the payment and discharge of certain expenses in the conduct of the business of the plaintiff, as the same might during said period accrue.
That the defendant, in violation of said agreement, did not *160 devote said money, or use the same, or devote or use any part thereof, in the payment of any of the said expenses, but, on the contrary, he converted and appropriated the same to his use.
Also alleges demand, before the commencement of the action, made upon defendant to refund and repay same, and the neglect and refusal so to do, and that defendant has reserved and ap- * propriated the said sum to his own use, to plaintiff’s damage of three hundred and thirty-eight dollars and seventy-five cents ($338.75), for which amount it demands judgment.
The defendant, in his answer, denies the conversion, and denies that he has reserved and appropriated the said . sum for his own use; and admits the demand and his refusal to refund and repay same to the plaintiff, and alleges that he was appointed cashier of the said plaintiff, and was authorized to expend, out of the moneys to be furnished him, the sum of ten dollars ($10) in each and every week, for the expenses of, and attendance at, the office of the plaintiff; also, that during the time mentioned in plaintiff’s complaint plaintiff paid to him, as such cashier, for the purpose aforesaid, divers sums of money, amounting to said sum of three hundred and thirty-eight dollars and seventy-five cents ($338.75); that the same was, thereafter, and from week to week, during the time aforesaid, wholly paid out and expended by him for the purpose for which the same was furnished to him as aforesaid.
On or about November 19, 1892, in pursuance of a demand made by plaintiff’s attorney, defendant served upon said plaintiff’s attorney a bill of particulars (verified) of moneys expended by him as follows:
To paid to O. M. Muren, Esq., each week from March 23, 1891, to and including September 19,1891, for his salary and his disbursements, for postage, express charges, advertising and incidental expenses in the plaintiff’s business, the sum often ($10) dollars, in all, twenty-six payments of ten dollars each............ $260 00
To retained by F. A. Bartlett, this defendant, to him, for postage and for bis attendance at the office of the bank from September 19, 1891, to November 14, 1891......................................... '78 75
And for such labor and services.................... 200 00
On a motion made for a further and additional bill of particulars, and on an affidavit made by Hiram R. Hulse, the secretary of the plaintiff corporation, and upon the complaint, answer and reply herein, in support of said motion, and the affidavit of the defendant in opposition thereto, an order was made on the 9th day of December, 1892, and it was ordered, “ That the said motion be, and the same is hereby granted-, and the defendant is hereby ordered ‘and required * * * to furnish * * * a further and additional bill of particulars herein, m which bill of particulars shall be separately stated how much money was by *161 the defendant paid to, or is claimed by the defendant to have been paid to, Gh M. Muren, Esq., for the salary of the said Muren in each week from the 23d day of March, 1891, to and including the 19th day of September, 1891, and separately how much was by the defendant paid to, or is by him claimed to have been paid by him in each week during said period to said Muren for the disbursements of said Muren, particularly setting forth separately each payment to said Muren for postage, express charges, advertising and incidental expenses, and specifically of what such incidental expenses consisted of, stating the amount of each separately, and giving the dates respectively of each of the twenty-six payments referred to in the first paragraph of the bill of particulars heretofore served herein.
“ And further, in which additional bill of particulars shall be stated separately, what sums the defendant retained for postage and incidental expenses, and of what said incidental expenses consisted, stating the amounts of each separately, and the dates respectively when the defendant retained each and all of said sums for postage and incidental expenses.
“And that on failure to furnish such further bill of particulars, he be precluded from giving upon the trial evidence of any matters contained in paragraph third of his answer, relating to payments of expenditures of the said sum of $338.75.”
From this order defendant appeals.
Defendant in his affidavit avers, that on or about February 3, 1891, he “ was appointed day officer or cashier of the plaintiff. That at a meeting of the plaintiff * * * on or about the 21st day of March, 1891, * * * it was,
“ Resolved that, the day officer be authorized to expend the sum of ten dollars per week, for the necessary expenses, attendance at and in the business of the office of the bank.”
That immediately thereafter, defendant, with the approval of the plaintiff, employed Mr. Muren; that he was employed during the times mentioned in his answer and in his bill of particulars.
That he “ understood said resolution to mean * * * * that the said sum of ten dollars had been appropriated to be paid each week for the clerk hire and incidental expenses of the plaintiff.”
That defendant, therefore, agreed upon no fixed salary to be paid to the said Mr. Muren, but arranging with Mr. Muren, that whatever remained of the ten dollars after paying for postage, ex-pressage and advertisements, and other incidental expenses of the office, should be retained by Mr. Muren as his compensation for his services; that deponent kept no account of such incidental expenses, but each week during the time that Mr. Muren was so employed by him, he paid Mr. Muren ten dollars and charged the same ten dollars to office expenses. “ That he is unable to give any itemized account of the incidental expenses of the plaintiff’s office during that time.”
That Muren left plaintiff’s employ on or about the 19th day of *162 September, 1891. That from that date to the 14th day of, November, 1891, this deponent received the ten dollar weekly allowance from the plaintiff, paid the various incidental expenses of the office of the bank, and retained the balance, as he verily believed he was empowered by such resolution, and had a right to do.
“ That deponent kept no itemized statement of said incidental expenses. * * * That doponent is, therefore, unable to give an itemized statement of such incidental expenses during the period he was alone in the office.”
The complaint, paragraph 3, alleges conversion on the part of the defendant of the said sum of three hundred and thirty-eight dollars and seventy-five cents ($338.75).
The answer specifically denies the conversion.
Defendant’s inability to give the bill of particulars required by the order, at folios 10, 11 and 12, is positively sworn to by defendant in his affidavit at pages 12 and 13, and not contradicted by the plaintiff, and plaintiff does not in any manner show that the defendant can give the information-.
The law will not compel a party to do an impossible thing; to do that which he cannot do.
Should the order appealed from remain in force, then by reason of his inability to comply with the order he is precluded from giving any evidence whatever to sustain his defense as set up in his answer, or in defense to a charge of conversion, on which he can be subjected to imprisonment
If the defendant cannot give a more particularized bill than he has already given, then it certainly would not be in furtherance of justice to deprive him of his defense, and refuse him a hearing, when the case is brought on for trial.
The ordering of a bill of particulars is in the discretion of the court
It must be a sound discretion, and in furtherance of justice, and within the application of legal principles.
In Butler v. Mann, 9 Abbott’s New Cases, 50, Ingalls, J., says: “ The power to direct a bill of particulars thus conferred should be prudently employed. * * * This statute, if judicially enforced, will be of great value, otherwise it will prove mischievous and oppressive.” ,
In Ammidown v. The Century Rubber Co., 59 Superior Court, 460; 39 St. Rep., 350, the facts were almost identical with the case at bar. McAdam, J., in his opinion, at page 469, says:
“The rubber company, by the affidavit of its treasurer, proves this in effect, when he swears that ‘ he is utterly unable to furnish any particulars in the matter further than he has already furnished ; that he has made a thorough examination of his books, but he is not able to add anything to what the bills of particulars already served contain.’
“ If the rubber company cannot give a more particularized bill than it has already given, it is certainly not in furtherance of justice to strike out its defense, and refuse a hearing when the action is called for trial.
*163 The law never requires a party to do an impossible thing, under the penalty of being denied a hearing in defense of its right to liberty or property.
For the reasons above stated, the order appealed from should be reversed, with costs to the appellant to abide the event Van Wyok and Fitzsimons, JJ., concur.